June 8, 1906.

## No. 3964.

### (Court of Appeal, Parish of Orleans.)

### MISS THERESA FLYNN vs. JOS. A. SPORL.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "A."

R. J. & P. W. Maloney, for Plaintiff and Appellant.

C. F. Claiborne, for Defendant and Appellee.

DUFOUR, J. The plaintiff, an employe of defendant at his cotton pickery, sues for damages for personal injuries and alleges that on June 24th, 1903, she was directed away from her usual employment by the foreman in charge of the establishment and required to carry baskets filled with cotton to the upper floor, and while she was on her way down to the lower floor she fell to the ground from the stairway used for that purpose and sustained severe injuries.

It is further averred that the accident was caused by the negligence of the defendant in not providing the stairway with a railing or banister or making provision for sufficent light.

A judgment rejecting plaintiff's demand comes to us with the following opinion from the trial judge.

"That the plaintiff, while in the employ of the defendant at

441

her accustomed work fell on the stairway and was painfully injured, the evidence leaves no room to doubt, nor that, in consequence of said injuries, she has since at times been a sufferer, but, in my judgment, the evidence is equally satisfactory that her injuries cannot be attributed to any fault or dereliction of duty on the part of the defendant, as her employer. The evidence satisfies me that there was no serious defect in the construction of the stairway, which seems to have been built with reference to the purpose for which it was being used and for which it had been used by the many employees of the defendant and his predecessor in the business, for many yearse, nor do I find that the light in the room was at all insufficient for the purposes of the work there to be done. Even if this were not true, the fact that the plaintiff knew the premises and the stairway. and that she had repeatedly passed up and down the stairway during the months in which she had served in the defendant's employ, would preclude her right of action to recover damages for her injuries. Well—acquainted with the stairway, having repeatedly passed upon it in her daily work, she knew its condition and any deficiency in its construction, conceeding that there were such, was perfectly apparent to her and therefore she must be held under all the authorities, to have taken the risk of the employment. On the facts, as established by all the witnesses, and, under the rules of law governing the same, my conclusion is that the claim of the plaintiff has failed. I have given to this case careful consideration since it was submitted and I heard the evidence, which was taken in my presence, and, while sympathizing with the misfortune of the plaintiff, I yet find no warrant to compensate her injuries at the expense of the defendant, who seems to have been guilty of no fault on negligence."

In all matters pertinent to the ocurrence, except the fact of the accident and its resulting injury, the testimony of the plaintiff is contradicted by every other witness.

It is shown that the stairs were sufficiently lighted by a large door eight feet high and that the cotton which at times was piled up near around the stairs was so arranged as not to prevent the light from falling upon them. The plaintiff, was not

taken from her regular work and was at the time occupied in the same manner as she had always been. The stairs were constructed, as usual with those used in the pickery business, without railing up to a distance of four or five feet where they turned downward, and the steps from which plaintiff fell was four inches wide at the stair post and about fifteen inches wide on the wall side.

The basket in which the cotton was carried was not more than two feet wide and eight inches deep, containing from six to eight pounds of cotton and, according to the statement of one of the witnesses, such as "a child ten years old could carry."

The plaintiff was familiar with all the details of work and with the construction of the stairs; if compelled to move aside to make way for others, she could just as well have moved towards the wall as towards the unprotected side.

In fact, she need not have done either, if her testimony be correct that there was nobody on the steps at the time she fell. One of her co-workers, who witnessed the accident, says:

"I was going up with a basket of pickings and I told Miss Flynn" you ought to wait until I come up, and she told me "to get out of her way." I said, "I can't and she raised her basket, and when she got at the third step from the floor she fell on her knee."

Though the stairs had been used for years they were in good condition, and there had never before been an accident, or even complaint on the part of the numerous employees as to want of light or imperfect construction.

The alleged defect was apparent and the plaintiff assumed the risk; the employer was bound to give only the reasonably safe appliances in accordance with the nature, custom and necessities of the business.

41 An. 500, 44 An. 95, 106. La. 379, 171 U. S. 665.

We agree with the district judge that the accident was caused by plaintiff's carelessness and is not imputable to any negligence on the part of defendant.

Judgment affirmed.

June 8th, 1906.

Rehearing refused June 28, 1906.